# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **MELANIE L. MULLINS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:16CV00021 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY,** | ) ) ) ) | By: James P. Jones<br>United States District Judge |
| | ) | |
| Defendant. | ) | |

*Lewey K. Lee, The Lee Law Firm of Wise, P.C., Wise, Virginia, for Plaintiff; Naomi Mendelsohn, Special Assistant United States Attorney, Social Security Administration, Philadelphia, Pennsylvania, for Defendant.*

The Acting Commissioner of Social Security ("Commissioner") has filed objections to the Report and Recommendation ("Report") of the magistrate judge recommending that the plaintiff's disability claims be remanded to the Commissioner for further development.

The plaintiff, Melanie L. Mullins, seeks disability insurance and supplemental security income benefits under Titles II and XVI of the Social Security Act ("Act"). Following a hearing and decision by an administrative law judge ("ALJ"), her claims were partially denied and Mullins thereafter filed this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), requesting review of the Commissioner's decision. The case was referred to the magistrate judge pursuant

to 28 U.S.C. § 636(b)(1)(B). The magistrate judge filed her lengthy and detailed Report on January 8, 2018, and the Commissioner filed timely objections on January 19, 2018. Those objections are now before me for de novo determination.[1]

In accordance with the Act, I must uphold the Commissioner's findings if substantial evidence supports them and the findings were reached through the application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is not the role of the court to substitute its judgment for that of the Commissioner. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

Mullins, then 21 years old, suffered a work place accident to her right knee in 2009, resulting in a tear of the lateral meniscus. Thereafter she underwent a number of surgeries to the knee, without lasting success. She claims that she was disabled within the meaning of the Act as of May 1, 2011. The ALJ awarded her

---

[1] A party may respond to objections to a magistrate judge's recommended disposition within 14 days, Fed. R. Civ. P. 72(b)(2), but no such response has been filed in this case.

benefits beginning August 26, 2015, but ruled that she was not disabled prior to that date.

The ALJ found from the evidence that since 2011 Mullins had suffered from "severe" impairments, meaning that they caused significant limitations in her ability to perform basic work functions. Admin. Tr. 26, ECF No. 6. Those severe impairments were "right-knee strain status-post multiple surgeries, obesity, depression, and anxiety." *Id.* After an exhaustive review of the medical evidence, the ALJ found that prior to August 26, 2015, Mullins had the residual functional capacity ("RFC") to perform the full range of light work available in the national economy, and thus was not disabled. *Id.* at 34-35, 36-37. The ALJ did find that Mullins was disabled within the meaning of the Act as of August 26, 2015.

The magistrate judge based her recommendation that the case be remanded for further administrative development on three perceived errors by the ALJ. First, she found that two state agency evaluators, Louis Perrott, Ph.D., and Stonsa N. Insinna, Ph.D., had placed additional mental work-related restrictions on Mullins that were not adopted by the ALJ, and second, that Drs. Perrott and Insinna did not have the benefit of later mental health records and thus their opinions should not have been relied upon by the ALJ. Report 32, ECF No. 15.

Finally, the magistrate judge found that the ALJ erred in finding that a functional capacity evaluation by a physical therapist in June of 2013 supported his conclusions. *Id.* at 32-33.

In objecting to these findings, the Commissioner points out that the claimed "additional restrictions" were not part of the experts' RFC evaluation, but rather part of a worksheet used to assist in assessing the claimant's RFC. Moreover, it is argued that the ALJ was not required to include any limitations contained in a state agency RFC assessment, based on the ALJ's own evaluation of the credible evidence. The Commissioner also contends that because the ALJ considered the later mental health records in reaching her decision, and articulated sufficient reasons for that decision, the fact that the state agency evaluators did not have the benefit of the later information is without legal significance.

As to the remaining ground relied upon by the magistrate judge, the Commissioner argues that while the ALJ found that the physical therapist's report supported the plaintiff's RFC, the ALJ was not required to accept all of the report's opinions, particularly since a physical therapist is not an "acceptable medical source" under the Social Security Administration's rulings and regulations. 20 C.F.R. §§ 404.1527(f)(1), 416.927(f)(1); Social Security Ruling 06-3p, 2006 WL 2329939, at *2 (Aug. 9, 2006). In addition, it is contended that the other evidence

considered and accepted by the ALJ, including that from acceptable medical sources, supported the ultimate finding concerning Mullins' physical RFC.

After careful review of the record, I agree with the Commissioner's arguments and find that the objections should be sustained.  I find that the ALJ's decision was supported by substantial evidence as to the plaintiff's RFC prior to August 26, 2015, and thus should be affirmed.

Accordingly, it is **ORDERED** as follows:

1. Defendant's Objections to Report and Recommendation, ECF No. 16, are SUSTAINED;

2. The recommendation of the magistrate judge, ECF No. 15, is not accepted;

3. Plaintiff's Motion for Summary Judgment, ECF No. 9, is DENIED;

4. Defendant's Motion for Summary Judgment, ECF No. 11, is GRANTED; and

5. The decision of the Commissioner is AFFIRMED.

ENTER: February 16, 2018

/s/  James P. Jones
United States District Judge